Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6145 | DATE | 8/15/2001 |
| CASE TITLE | NELSON et al vs. CITY OF HARVEY et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Pursuant to Memorandum Opinion and Order entered this day, defendants' motions to dismiss Count IV of the second amended complaint are granted. Count IV is dismissed without prejudice. Plaintiffs are given to September 4, 2001 to file a third amended complaint. Plaintiff is advised that failure to timely file the third amended complaint will result in dismissal of Count IV with prejudice without further order of court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 16 2001 date docketed | |
| | Notified counsel by telephone. | | 46 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 8/15/2001 date mailed notice | |
| JS | courtroom deputy's initials | 01 AUG 16 AM 8:03 | JS mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LINDA NELSON, as administrator for the Estate of DEVON NELSON, Deceased, and DEJA NELSON, by and through her mother, ELISHA JACKSON,

    Plaintiffs,

v.

CITY OF HARVEY, KEVIN RICHMOND, MATTHEW KNEELAND, MICHAEL CAGE, and ERIC THOMAS,

    Defendants.

No. 00 C 6145

AUG 1 6 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Linda Nelson, as administrator for the decedent in this case, Deja Nelson, daughter of the deceased, and Elisha Jackson, mother of Deja Nelson, filed a second amended complaint against defendants City of Harvey, Kevin Richmond, Matthew Kneeland, Michael Cage, and Eric Thomas, alleging § 1983 claims for excessive force (Count I), state law claims for wrongful death and funeral expenses (Counts II & III), and a § 1983 claim for conspiracy to deprive civil rights (Count IV). Defendant City of Harvey brought a motion to dismiss Count IV of plaintiffs' second amended complaint on the basis of Monell v. New York Dept. of Soc. Servs., 436 U.S. 658 (1979), for failure to allege policies or widespread practices on the part of the City. The individual defendants also brought a motion to dismiss Count IV of plaintiffs' second amended complaint,

1

arguing that plaintiffs have not alleged a constitutional injury resulting from a conspiracy. For the following reasons, both the City and the individual defendants' motions to dismiss are GRANTED. Count IV of plaintiffs' second amended complaint is DISMISSED without prejudice.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977); Turner/Ozanne v. Hyman Power, 111 F.3d 1312, 1319 (7th Cir. 1992). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Any ambiguities are to be construed in favor of the plaintiff. Kelly v. Crossfeld Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998); Curtis v. Bembenck, 48 F.3d 281, 283 (7th Cir. 1995). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I. City of Harvey

The City's motion to dismiss is based upon the plaintiffs' failure to plead a policy or widespread practice on the part of the City to engage in the conspiracy which resulted in the deprivation of plaintiffs' unspecified constitutional rights. This court agrees. Nowhere in Count IV do plaintiffs allege that the alleged conspiracy was undertaken pursuant to a municipal custom, policy, or practice, as required under Monell v. New York Dept. of Soc. Servs., 436 U.S. 658 (1979). In order to survive a motion to dismiss a § 1983 claim against a municipality, a plaintiff must allege

2

at least one of the three ways in which a municipality's policy can violate an individual's civil rights: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Plaintiffs do not allege what municipal policy or widespread practice they believe resulted in the violation of their civil rights. Accordingly, Count IV of plaintiffs' second amended complaint must be dismissed as to the City of Harvey.

II.     Individual Defendants

The individual defendants argue that Count IV must be dismissed because plaintiffs have failed to state a claim for a cognizable constitutional injury. Defendants argue that plaintiffs have not stated a claim for deprivation of constitutional rights on behalf of the deceased, because the alleged conspiracy and actions in furtherance of that conspiracy occurred after the decedent's death, at which time his constitutional rights had been extinguished. In addition, defendants argue, plaintiffs have not stated a claim for the violation of their own constitutional rights because they do not allege that the alleged cover up denied them access to the courts.

In response to this motion to dismiss, plaintiffs argue that Count IV states a claim for a conspiracy formed prior to the decadent's death, and resulting in the decadent's death. In effect, plaintiffs argue that the alleged pre-shooting conspiracy was that, if one of the officers inadvertently shot an unarmed individual, any others who happened to be present at the scene of the shooting would either plant a gun by the body of the unarmed individual or create false reports and give false statements to the effect that the unarmed individual had been carrying the gun. According to

plaintiffs' arguments, the officers were far quicker to shoot unarmed individuals than they would have been if not for the agreement to cover up the shooting. Plaintiffs argue that the decedent "and the other plaintiffs" suffered deprivation of their rights as a consequence of the alleged conspiratorial agreement.

Unfortunately, plaintiffs' arguments do not mesh with the allegations in Count IV of their second amended complaint. Those allegations rather expressly allege a post-shooting conspiracy to deprive plaintiffs of their unspecified constitutional rights. For example, plaintiffs allege that after the shooting, Officer Kneeland placed a gun near the decadent's body, and that the individual officers all took actions designed to conceal and cover up the fact that Officer Kneeland had placed the gun near the decadent's body. As plaintiffs appear to concede in response to this motion, allegations of a post-shooting conspiracy would fail to state a claim for a constitutional violation under the law of the Seventh Circuit. The decadent's rights could not have been violated by a cover-up which occurred after his death, because the decadent's death extinguished any claim of his own. See Ford v. Moore, 237 F.3d 156, 165 (2nd Cir. 2000) ("Even if there were a viable claim against Moore for conduct after Ford's death, the death would have extinguished any claim of Ford's."); Judge v. City of Lowell, 160 F.3d 67, 76 n. 15 (1st Cir.1998) ("[A]ll of the actions that form the basis of Judge's claims occurred subsequent to Weems's death. At that time, Weems had no rights of which he could be deprived."); Guyton v. Phillips, 606 F.2d 248, 251 (9th Cir. 1979) ("[T]he conspiracy with which the three officers are charged is a conspiracy to deprive Guyton of his civil rights; and, inasmuch as Guyton's civil rights must terminate with his death, so must any conspiracy to deprive him of those rights."). In addition, plaintiffs have suffered no constitutional violation in their own right, because they have not been deprived of access to the courts by a delay in uncovering

4

the alleged cover-up. See Cefalu v. Village of Elk Grove, 211 F.3d 416, 422 ("[A]n attempt to cover up police wrongdoing which succeeded only briefly in hiding the facts from the plaintiffs, and which ultimately neither prevented the plaintiffs from pursuing relief nor reduced the value of their claim, [is] not actionable under section 1983.").

Plaintiffs' new arguments and facts in support may or may not allege a conspiracy to violate a constitutional right. However, this court cannot accept plaintiffs' new arguments and facts at this time, given the state of the pleadings, because they are not consistent with plaintiffs' allegations in Count IV. Although Federal Rule of Civil Procedure 8(e)(2) allows inconsistent allegations in pleadings, additional facts submitted in a brief for the purpose of defeating a motion to dismiss must be consistent with the allegations in the complaint. See Hentosho v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999).

## CONCLUSION

For the reasons stated, the City of Harvey and the individual defendants' motions to dismiss Count IV of plaintiffs' second amended complaint are both GRANTED. Count IV of plaintiffs' second amended complaint is DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to file a third amended complaint consistent with this order until September 4, 2001. If plaintiffs do not file a third amended complaint by that date, the dismissal of Count IV will become with

prejudice on September 5, 2001 without further court order. Again, the parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

Date: August 15, 2001